IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| BENJAMIN NASH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 324-066 |
| | ) |
| ANDREW MCFARLANE, Warden; JIMMY | ) |
| KELLOM; SGT. MOORE; CERT OFFICER | ) |
| GARNER; and OFC. CASTRO, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred at Telfair State Prison ("TSP"). Because Plaintiff is proceeding *in forma pauperis*, he is entitled to rely on court officials to effect service. See 28 U.S.C. § 1915(d). On January 15, 2025, the Court ordered the United States Marshal to effect service of process on Defendants. (Doc. no. 8.) In accordance with the Court's Order directing service, the Marshal mailed copies of the complaint to Defendants, requesting they waive formal service of summons. (See doc. no. 8-2.)

On February 4, 2025, an individual at TSP, other than Defendants, signed for the certified mail containing the complaint and waiver of service forms. (Doc. no. 11.) Attorney Wade Herring of the Georgia Attorney General's Office appeared on behalf of Defendants McFarlane, Kellom, and Moore. (Doc. nos. 13, 14.) Because Defendants Garner and Castro appeared to be present or former prison officials, when they did not timely return a signed

waiver of service form or file answers, the Court ordered Mr. Herring to notify the Court whether he intended to represent them. (See doc. no. 16, p. 2.) Mr. Herring informed the Court Defendants Garner and Castro no longer work for the Georgia Department of Corrections, he was unable to contact them, and therefore he was unable to appear on their behalf. (Doc. no. 18.)

Moreover, on April 7, 2025, the Marshal returned the USM-285 forms for Defendants Garner and Castro as unexecuted, noting that Sharon Clark signed for the mail at TSP, Defendants Garner and Castro are no longer employed by the Georgia Department of Corrections, and attempts to mail the copies of the waiver of service form and complaint to their last known addresses were unsuccessful. (Doc. no. 17.)

Accordingly, on April 10, 2025, the Court directed the United States Marshal to effect personal service on Defendants Garner and Castro and extended the service period by thirty days. (Doc. no. 19.) The Marshal successfully served Defendant Garner, and he has since filed an answer. (See doc. nos. 24, 25.) However, on April 17, 2025, the Marshal filed the return of service forms for Defendant Castro as unexecuted, explaining the Marshal was unable to locate Defendant Castro at either of his two last known addresses. (Doc. no. 21.)

On May 30, 2025, the Court entered an order explaining service had not been accomplished on Defendant Castro and reminding Plaintiff of his responsibility to provide timely and accurate identifying information so that service could be accomplished by the United States Marshal. (See doc. no. 26, p. 2 (citing doc. no. 8, p. 5).) Furthermore, the Court again cautioned Plaintiff that a defendant not timely served may be dismissed. (Id.) However, recognizing Rule 4(m) empowers courts to extend the time for service with no predicate showing of good cause, the Court directed Plaintiff to provide sufficient

information for the Marshal to locate Defendant Castro or to explain why Defendant Castro should not be dismissed for failure to serve him within fourteen days and warned failure to do so would result in Defendant Castro's dismissal without prejudice for failure to effect service. (Id. at 3.)

Plaintiff failed to respond to the Court's show cause order or further assist the United States Marshal serve Defendant Castro. Thus, he has not shown good cause for failing to timely effect service on Defendant Castro, and the Court finds that no other circumstances warrant an extension of the service period. Additionally, because the remaining four Defendants have appeared in this case, dismissal of the unserved Defendant will not completely deprive Plaintiff of the opportunity to litigate claims arising out of the events underlying this lawsuit.

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Defendant Castro and all of Plaintiff's claims against Defendant Castro be **DISMISSED** without prejudice for failure to timely effect service. See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 2nd day of July, 2025, at Augusta, Georgia.

                                                              BRIAN K. EPPS
                                                              UNITED STATES MAGISTRATE JUDGE
                                                              SOUTHERN DISTRICT OF GEORGIA